IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JEREMY EDWARDS, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.  6:23-CV-00365-JCB |
| | § | |
| v. | § | |
| | § | |
| LENN GUSA, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Before the court is Defendant Lenn Gusa's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 8.) Plaintiff Jeremy Edwards has filed a response (Doc. No. 16). For the reasons stated herein, the court **RECOMMENDS** that Defendant Gusa's motion to dismiss (Doc. No. 8) be **GRANTED** and Plaintiff's claim against him be dismissed with prejudice.

**BACKGROUND**

On June 22, 2023, Plaintiff Lenn Gusa filed this civil action pursuant to 42 U.S.C. § 1983 alleging that Defendant Lenn Gusa violated his Eighth Amendment rights. (Doc. No. 1.) Plaintiff's allegations relate to his time of incarceration at the Texas Department of Criminal Justice (TDCJ) Coffield Unit. (Doc. No. 1, at 2.) Plaintiff alleges that during his time of incarceration, Defendant Gusa was employed by TDCJ as an officer. *Id.*

Specifically, Plaintiff alleges that on June 23, 2021, he was being escorted from his cell by Defendant Gusa for a dentist visit. *Id.* at ¶ 13. Plaintiff claims that he was being escorted through a high security wing and that Defendant Gusa did not use a protective shield while escorting him.

1

*Id.* at ¶¶ 14, 15. Plaintiff alleges that while he was being escorted, another inmate threw a 22" paper pole with a 6" metal tip sharpened to a point that struck him the forearm, went through his forearm, and exited through his lower right abdomen. *Id*. at ¶¶ 20, 21. Plaintiff alleges that Defendant Gusa was aware of the risks of escorting inmates through the high security wing, and that by escorting Plaintiff without a shield, he was leaving him vulnerable to attack because Plaintiff could not protect himself. *Id.* at ¶¶ 16–18. Plaintiff further alleges that Defendant Gusa was aware that other inmates presented a threat to Plaintiff as he walked without a shield through a high security wing. *Id.* at ¶ 19. Based upon these allegations, Plaintiff asserts a claim for failure to protect against Defendant Gusa in violation of the Eighth Amendment. *Id*. at 5–9.

On July 22, 2023, Defendant Gusa filed the instant motion to dismiss on the grounds of qualified immunity. (Doc. No. 8.)

**LEGAL STANDARD**

Motions to dismiss under Rule 12(b)(6) for failure to state a claim "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the court considers the remaining "well-pleaded factual allegations." *Id.* The court must accept as true all facts alleged in a plaintiff's complaint, and the court views the facts in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id.* (quotations and citations omitted).

In other words, the court must consider whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'[D]etailed factual allegations'" are not required. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

Defendant Gusa argues that he is entitled to qualified immunity on Plaintiff's failure to protect claim because Plaintiff fails to allege that Defendant Gusa was aware of any specific risk of threat to Plaintiff prior to the June 23, 2021 escort or that Defendant Gusa drew any inference that a substantial risk of serious harm to Plaintiff existed. (Doc. No. 8, at 5.) Defendant further argues that Plaintiff has failed to show that his conduct violated clearly established law. *Id.* at 7. Plaintiff argues that he alleged sufficient facts to infer deliberate indifference based upon the high security wing and the failure to use a protective shield. (Doc. No. 16, at 9–11.) Plaintiff further argues that the clearly established caselaw does not allow Defendant Gusa to escape liability by asserting that he did not know that Plaintiff was likely to be assaulted by a specific prisoner. *Id.* at 13–20.

The doctrine of "qualified immunity" protects government officials from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818

3

(1982).  At the pleading stage, the qualified immunity inquiry focuses on whether a plaintiff has shown "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct."  *Ashcroft v. al–Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow*, 457 U.S. at 818).  The court has "discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first."  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

## I.      Failure to Protect

Under the Eighth Amendment, "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan,* 511 U.S. 825, 833 (1994); *see also Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. To state a constitutional claim for failure to protect, a plaintiff must show: (1) that he was subjected to conditions posing a substantial risk of serious harm; and (2) prison officials were deliberately indifferent to his need for protection. *Id.*; *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Deliberate indifference "is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Crucially, in order to show that prison officials were deliberately indifferent to a prisoner's need for protection, the prisoner must prove "that the official *actually knew* of a substantial risk of serious harm and *failed to act*." *Adeleke v. Heaton*, 352 F. App'x 904, 907 (5th Cir. 2009) (per curiam) (unpublished) (emphasis added). Moreover, "mere negligence in failing to protect a prisoner from assault does not establish a constitutional violation." *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).

Here, Plaintiff alleges that Defendant Gusa was aware that he was transporting Plaintiff through a high security wing, that protective gear should be used during transport, and that Plaintiff was generally vulnerable. Plaintiff does not, however, allege any facts to suggest that Defendant Gusa was aware of a specific threat to Plaintiff by another inmate at the time of transport. Plaintiff's general references to the high security wing and the need for protective equipment fail to allege facts that would make it so obvious that any prison official would have known of the risk simply because of its obviousness. *Farmer*, 511 U.S. at 842. Indeed, even assuming Defendant Gusa violated TDCJ policy by transporting Plaintiff without a protective shield, the failure of a correctional officer to follow rules and regulations does not, alone, establish deliberate indifference. *See Thompson v. AVC Correctional Center Staff*, 2013 WL 3778911, at *3 (W.D. La. July 17, 2013) (dismissing a failure-to-protect claim in which the plaintiff urged that correctional officers failed to protect him from an assault by another inmate and were deliberately indifferent to a serious risk of harm because they left the plaintiff and assailant together and unattended in violation of prison policy, noting that "a prison official's failure to follow the prison's own policies does not, itself, result in a constitutional violation") (citing *Richardson v. Thorton*, 299 F. App'x 461, 462–63 (5th Cir. 2008) ("The failure of the prison to follow its own policies ... is not sufficient to make out a civil rights claim.")); *Sandoval v. Fox*, 135 F. App'x 691, 691–92 (5th Cir. 2005) ("The mere failure to comply with prison rules and regulations does not, without more, give rise to a constitutional violation.")).

In sum, Plaintiff has failed to allege facts sufficient to suggest that Defendant Gusa actually knew of a substantial risk of serious harm to Plaintiff. Plaintiff has therefore failed to state a claim for deliberate indifference against Defendant Gusa. As such, Defendant Gusa is entitled to qualified immunity on Plaintiff's Section 1983 claim. Because the court has found that Defendant

Gusa is entitled to qualified immunity based upon Plaintiff's failure to allege a constitutional violation, the court makes no further finding regarding clearly established law.

### RECOMMENDATION

For these reasons, the court **RECOMMENDS** that Defendant Gusa's motion to dismiss (Doc. No. 8) be **GRANTED** as Defendant Gusa is entitled to qualified immunity. The court therefore **RECOMMENDS** that Plaintiff's claim against Defendant Gusa be **DISMISSED** with prejudice for failure to state a claim.

Within fourteen days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 4th day of December, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

6