UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:23-cv-00365

———

**Jeremy Edwards,**
*Plaintiff,*
v.
**Lenn Gusa,**
*Defendant.*

———

**ORDER**

Plaintiff Jeremy Edwards filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Western District of Texas. Doc. 1. Defendant Lenn Gusa responded with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 8. The case was then transferred to this court and referred to United States Magistrate Judge John D. Love. Docs. 11, 13. On December 4, 2023, the magistrate judge issued a report recommending that defendant's motion to dismiss (Doc. 8) be granted and that plaintiff's claims be dismissed for failure to state a claim. Doc. 17. Plaintiff filed objections to the report and recommendation. Doc. 18.

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**I. Background**

In June 2021, defendant Gusa, a prison guard employed with the Texas Department of Criminal Justice, escorted plaintiff from his cell in the high-security wing of the department's Coffield Unit. Doc. 1 at 2 ¶ 13. When defendant and plaintiff reached the neighboring cell, another inmate threw an improvised spear — i.e., a 22″ paper pole with a 6″ metal tip sharpened to a point — at

plaintiff. *Id.* at 3 ¶ 20. The spear went through plaintiff's right forearm and pierced his abdomen. *Id.* at 3 ¶¶ 20–21.

According to plaintiff's complaint, guards at the Coffield Unit are required to wear shields when escorting prisoners to and from their cells in the high-security unit. Doc. 1 at 2 ¶ 9. Defendant's failure to use a protective shield, plaintiff alleges, constitutes deliberate indifference to his safety and was a direct and proximate cause of his injuries. *Id.* at 4 ¶ 27. Plaintiff therefore claims that defendant failed to protect him in violation of his rights under the Eighth Amendment.

**II. Analysis**

To survive a Rule 12(b)(6) motion to dismiss, plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court will accept all alleged facts as true, even if doubtful, but those facts must establish a right to relief that rises "above the speculative level." *Id.* at 555.

The Eighth Amendment requires prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). But not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. An Eighth Amendment claim for failure to protect requires plaintiff to show that he was "incarcerated under conditions posing a substantial risk of serious harm," and that defendant acted with "deliberate indifference" toward his safety. *Id.* at 834.

"Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). To act with deliberate indifference, an official must both "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Brennan*, 511 U.S. at 837.

Plaintiff's allegations fail to meet this standard, as the magistrate judge's report and recommendation detailed. The only factual allegation that supports an inference of deliberate

indifference is defendant's failure to wear a protective shield, a breach of unspecified safety protocols. This might support a finding of negligence. But "merely negligent" conduct by a government official is not enough to establish a claim of deliberate indifference. *Davidson v. Cannon*, 474 U.S. 344, 347 (1986); *see also Hinojosa v. Johnson*, 277 F. App'x 370, 374 (5th Cir. 2008) (negligence in failing "to protect a prisoner from assault does not compromise a constitutional violation"). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Torres v. Livingston*, 972 F.3d 660, 663 (5th Cir. 2020) Nor is it sufficient for plaintiff to show that defendant failed to follow the prison's own policies. *Richardson v. Thornton*, 299 F. App'x 461, 463 (5th Cir. 2008).

In his objections, plaintiff points to the following allegations in the original complaint to show that, contrary to the magistrate judge's conclusion, the complaint included sufficient facts to establish a claim of deliberate indifference:

51. Defendant Gusa was aware that inmates in the high-security wing are exposed to the risk of violent attacks from other inmates.

52. Guards at the Coffield [Unit] are required to wear shields when escorting inmates from the high-security wing to and from their cells.

53. Previously, Mr. Edwards had been escorted from the high-security with a shield which resembles a big door.

54. The shield is utilized to protect inmates from violent attacks from other inmates.

55. Thus, Defendant Gusa was aware of facts from which he could infer that a substantial risk of serious harm existed when he escorted Edwards to and from his cell without a protective shield.

Doc. 18 at 2–3 (citing Doc. 1 at ¶¶ 51–55).

Defendant's alleged violation of prison protocol does not constitute a constitutional violation in itself, plaintiff concedes. But it is "evidence of notice of the risk of harm and the violation of the protocol is evidence that refusal to follow the protocol was not reasonable." Doc. 18 at 7.

But this evidence, on its own, establishes a claim for negligence, not deliberate indifference. The requirement that prison guards wear a protective shield when escorting prisoners is a routine safety precaution, like a requirement that police officers wear a bullet-proof vest while on patrol. It effectively protects individuals from unforeseeable attacks that are unlikely in any given moment. But it does not indicate that a substantial risk of serious harm to plaintiff existed, or that defendant knew of and disregarded that risk. Failure to wear a protective shield is particularly unconvincing as evidence of deliberate indifference, as opposed to negligence, since that shield also protects the guard from improvised projectiles.

In *Simmons v. Collins,* the Fifth Circuit expressly held that a "violation of prison procedure does not in itself support a constitutional claim." No. 92-5067, 1993 WL 82276 at *2 (5th Cir. Mar. 17, 1993). The facts of that case were similar to those alleged here. Simmons alleged that a guard sent him back to his cell alone, in violation of regulations that he should be accompanied by two officers when outside his cell. As he was returning alone to his cell he was stabbed by another inmate. *Id.* at *1. The Fifth Circuit found that the prison guards "at worst were negligent in failing to escort Simmons back to his cell" and that their "negligent failure to protect a prisoner from assault does not amount to a violation of the prisoner's constitutional rights under the Due Process Clause." *Id.* at *2.

Plaintiff relies on *Hinojosa v. Johnson* to suggest that defendant need not have had advanced notice of the specific attack in order to be liable. 277 F. App'x 370; Doc. 18 at 5. *Hinojosa*, however, is distinguishable. Hinojosa was housed in an open dormitory and was attacked by another inmate who used a broken toilet brush to

stab him. *Id.* at 372. The record contained evidence that the attacking inmate was mentally unstable, that officials had been warned that he posed a threat to himself and others, that the open dorms were largely unsupervised, and that at least one prior attack with unsecured cleaning tools in the dorm had occurred—the exact same facts that occurred with respect to the incident involving Hinojosa. *Id.* at 378.

Here, plaintiff's cited allegations do not suggest that defendant Gusa was aware of a specific threat to plaintiff by another inmate at the time of transport. Moreover, plaintiff's general references to the high-security wing and the need for protective equipment fail to allege facts that would make it so obvious that any prison official would have known of the risk simply because of its obviousness. *See Farmer*, 511 U.S. at 842.

Lastly, plaintiff argues that this is an "obvious case" that warrants a finding of a constitutional violation even without precedent directly on point. Doc. 18 at 7–8. The court disagrees. As discussed above, plaintiff's general references to the high-security wing and the need for protective equipment fail to allege facts that would make it so obvious that any prison official would have known of the risk simply because of its obviousness. *See Farmer*, 511 U.S. at 842.

In sum, plaintiff has failed to state a claim for deliberate indifference against defendant Gusa.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendation. Accordingly, defendant's motion to dismiss (Doc. 8) is granted and this case is dismissed with prejudice for failure to state a claim. All motions pending in this civil action are denied.

*So ordered by the court on March 14, 2024.*

J. CAMPBELL BARKER
United States District Judge